United States District Court
Southern District of Texas
**ENTERED**
April 30, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN ROBERT HUNTER JR., | § § § | |
| Plaintiff, | § § | |
| v. | § § § | Civil Action No. H-24-491 |
| JP MORGAN CHASE BANK N.A., *and* FREDDIE MAC, | § § § § | |
| Defendants. | § § § | |

## ORDER

Pending before the Court is the Defendants' Motion to Dismiss Plaintiff's First Amended Complaint Under Rule 12(b)(6) and Brief in Support (Document No. 8) and Plaintiff's Amended Brief in Response for Defendants' Motion for Dismissal, and Court Order, Including Conditional Acceptance and Notice for Challenging Authority (Document No. 13).[1] Having considered the motions, submissions, and

---

[1] Plaintiff's response was 150 pages with exhibits and touch addressed numerous legal theories and arguments. The response also had a section labeled "Motion for Summary Judgment on Damages" and stated that *inter alia* the undisputed facts entitle him to $10,500,000.00 from the Defendants. The Court construes all *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Accordingly, the Court construes Hunter's response in part as a motion for summary judgment. *Plaintiff's Amended Brief in Response for Defendants' Motion for Dismissal, and Court Order, Including Conditional Acceptance and Notice for Challenging Authority,* Document No. 13 at 1–15.

applicable law, the Court determines the motion to dismiss should be granted and the plaintiff's construed motion for summary judgment should be denied.

## I. BACKGROUND

This case arises out of a home mortgage. On February 9, 2024, Plaintiff John Robert Hunter Jr. ("Hunter"), proceeding pro se, filed a complaint in this Court. Hunter seems to allege that he was misled about his mortgage and that his mortgage is not legal (or at least has been managed inappropriately). On February 12, 2024, Hunter amended his complaint asserting claims against Defendant JPMorgan Chase Bank N.A. ("Chase") and Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac") (collectively, the "Defendants") for: (1) breach of contract; (2) breach of fiduciary duty; (3) Real Estate Settlement Procedures Act (RESPA) violations; (4) Truth in Lending Act (TILA) violations; and (5) unlawful debt collection practices. Hunter contends that his mortgage is owned by Freddie Mac and serviced by Chase. Hunter contends that the Defendants breached the "mortgage agreement as highlighted by the irregularities and legal concerns detailed in the Mortgage Audit Report Deluxe Extended II."[2] On April 2, 2024, the Defendants moved to dismiss Hunter's amended complaint.

---

[2] Plaintiff alleges the report revealed discrepancies that include (1) a failure to verify "the existence of the actual loan and security instrument;" (2) misrepresenting "the role and authority of the Mortgage Electronic Registration System ("MERS") in the assignment and transfer of the mortgage;" (3) "issues related for the securitization of the mortgage and break in the chain of title;" and (4) "[i]rregularities and procedural violations in the

2

## II. STANDARD OF REVIEW

*1. Rule 12(b)(6)*

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.' " *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point

---

foreclosure process, asserting the legality and standing of Respondents to collect on the alleged debt." *See Plaintiff's Amended Complaint*, Document No. 3 at 3.

3

of minimum expenditure of time and money by the parties and the court.' " *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

2.   Rule 56

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view the evidence in a light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion and the elements of the causes of action upon which the nonmovant will be unable to establish a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

But the nonmoving party's bare allegations, standing alone, are insufficient to create a material dispute of fact and defeat a motion for summary. If a reasonable jury could not return a verdict for the nonmoving party, then summary judgment is appropriate. *Liberty Lobby, Inc.*, 477 U.S. at 248. The nonmovant's burden cannot

4

be satisfied by "conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.' " *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Uncorroborated self-serving testimony cannot prevent summary judgment, especially if the overwhelming documentary evidence supports the opposite scenario. *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 294 (5th Cir. 2004). Furthermore, it is not the function of the Court to search the record on the nonmovant's behalf for evidence which may raise a fact issue. *Topalian v. Ehrman*, 954 F.2d 1125, 1137 n.30 (5th Cir. 1992). Therefore, "[a]lthough we consider the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the nonmovant, the nonmoving party may not rest on the mere allegations or denials of its pleadings but must respond by setting forth specific facts indicating a genuine issue for trial." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000).

### III. LAW & ANALYSIS

The Defendants contend Hunter fails to state a claim for any of his causes of action for which relief may be sought. Hunters' response does not clearly address the issues raised in the Defendants' motion to dismiss. However, Hunter contends

that there are undisputed facts that the "transaction was misrepresented as a mortgage" and that he is entitled to damages as a matter of law.[3]

## A.  *Hunter's Motion for Summary Judgment*

Hunter's response to the Defendants' motion to dismiss appears to have a motion for summary judgment, at least regarding damages. Hunter's response is mainly conclusory and presents no evidence to suggest he is entitled to any relief as a matter of law. The Defendants contend Hunter fails to present any summary judgment evidence and merely states conclusory accusations.[4] Accordingly, having considered the motions, submissions, and applicable law, the Court determines Hunter's motion for summary judgment is denied. The Court now turns to the Defendants' motion to dismiss.

## B.  *The Defendants' Motion to Dismiss*

The Defendants contend: (1) Hunter fails to identify any conduct that would result in a valid breach of contract claim; (2) Hunter's claim of breach of fiduciary duty fails because the lender and borrower relationship does not create a fiduciary

---

[3] *Plaintiff's Amended Brief in Response for Defendants' Motion for Dismissal, and Court Order, Including Conditional Acceptance and Notice for Challeging Authority*, Document No. 13 at 1–15.

[4] Hunter's response contains 135 pages of unauthenticated and unsworn documents that Hunter contends proves that there is no dispute of material facts. *See Reply in Support of Defendants' Motion to Dismiss Plaintiff's First Amended Complaint Under Rule 12(b)(6)*, Document No. 15 at 8–9.

6

duty; (3) Hunter pleads no facts to establish a RESPA or TILA claim against the Defendants; and (4) Hunter's unreasonable debt collection claim fails because he alleges no actions reflecting any course of harassment. Hunter's response is mostly conclusory and does not directly address the arguments raised by the Defendants. Instead, Hunter continues to assert conclusory claims that his mortgage is some how a security and not a proper mortgage.

*1.   Breach of Contract*

The Defendants contend Hunter has failed to state a claim for breach of contract. Hunter contends the Defendants breached the "mortgage agreement as highlighted by the irregularities and legal concerns ."[5]

"Under Texas law, a plaintiff alleging a breach of contract must show '(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from that breach.'" *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 767 (5th Cir. 2016) (quoting *Wright v. Christian & Smith*, 950 S.W.2d 411, 412 (Tex. App.—Houston [1st Dist.] 1997, no writ)). Generally, a plaintiff needs to be able to specify the provision of a contract that was breached. *See Chapa v. Chase Home Finance LLC*, C-10-359, 2010 WL 5186785, at *5-6 (S.D. Tex. Dec. 15,

---

[5] *Plaintiff's Amended Complaint*, Document No. 3 at 2.

2010) (Jack, J.); *see also Williams v. Wells Fargo Bank, N.A.*, 560 Fed. App'x 233, 238 (5th Cir. 2014) ("[A] claim for breach of a note and deed of trust must identify the specific provision in the contract that was breached.").

Here, Hunter broadly asserts vague conduct by the Defendants that seems to be aimed at how the Defendants issued and serviced his mortgage. Hunter asserts *inter alia* (without facts) that the Defendants "securitized" his mortgage, that there was a "break in the chain of title," and that the Defendants failed to verify the loan.[6] Hunter fails to point to a specific provision in a contract with either Defendant that these alleged mortgage service discrepancies would breach. The Court construes all *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even construing Hunter's complaint liberally, he fails to assert facts to sustain a claim that either Defendant breached a contract.

Additionally, Hunter pleads no facts to show any alleged breach damaged him. While claiming over $10,000,000.00, Hunter does not allege that either Defendant has begun foreclosure procedures. Further, Hunter provides no facts nor evidence that any adverse action has been taken against him. Accordingly, the Court finds Hunter has failed to state a claim for breach of contract against the Defendants.

---

[6] *Plaintiff's Amended Complaint*, Document No. 3 at 3.

Therefore, the Defendants' motion to dismiss regarding breach of contract is granted. The Court now turns to Hunter's claim for breach of fiduciary duty.

*2.    Breach of Fiduciary Duty*

The Defendants contend Hunter's breach of fiduciary duty fails because he does not assert the necessary facts to establish a fiduciary duty between the parties. Hunter's response continues in a conclusory fashion to assert that a fiduciary duty exists and vague behavior by the Defendants breached the alleged duty.[7]

The elements of a breach of fiduciary duty claim are: (1) that a fiduciary relationship exists between the plaintiff and defendant; (2) the defendant breached its fiduciary duty to the plaintiff; and (3) the breach injured the plaintiff or benefited the defendant. *See Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 200-01 (Tex. 2002). Whether a fiduciary duty exists is a question of law. *Meyer v. Cathey*, 167 S.W.3d 327, 330 (Tex. 2005). Texas courts have held that the relationship between a lender and borrower does not create a fiduciary relationship. *Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp. 2d 176, 192 (S.D. Tex. July 18, 2007) (Rosenthal, J.) *aff'd*, 269 F. App'x 523 (5th Cir. 2008). ("Texas courts have held that the relationship between a borrower and lender is not a fiduciary one.")

---

[7] *Plaintiff's Amended Brief in Response for Defendants' Motion for Dismissal, and Court Order, Including Conditional Acceptance and Notice for Challenging Authority*, Document No. 13 at 2–5.

Here, it is clear that the relationship between the parties is that of a borrower and lender. As such, the court precedent is clear that the borrower/lender relationship forms no fiduciary duty. *Choe v. Bank of Am., N.A.*, 3:13-CV-0120-D, 2013 WL 3196571, at *6 (N.D. Tex. June 25, 2013) (Fitzwater, J.) ("Under Texas law, there is no special relationship between a mortgagee and a mortgagor that gives rise to a duty of care.") Hunter provides no evidence that there is a specific reason to infer a fiduciary relationship in this instance. Further, even if there was a fiduciary duty, Hunter fails to plead any facts to sufficiently show a breach occurred or any damage was incurred. Hunter's merely conclusory allegations that the Defendants failed "to not harm the beneficiary" and other broad assertions of misconduct do not arise to facts that adequately plead a plausible claim. Accordingly, the Court finds that Hunter fails to sufficiently plead a claim for breach of fiduciary duty against either Defendant. Therefore, the Defendants' motion to dismiss Hunter's claims for breach of fiduciary duty should be granted. The Court now turns to Hunter's claims of violation of RESPA.

3. *RESPA Claims*

The Defendants contend Hunter has failed to adequately plead facts to demonstrate a claim for RESPA violations. Hunter broadly contends that "[d]espite repeated requests for clarification and resolution of these issues, Respondents has

10

[sic] failed for complying[.]"[8] Plaintiff further alleges a "[f]ailure to make clear for Claimant who the actual servicer and [o]wner is . . ."[9]

RESPA obligates a covered loan servicer to respond to a borrower's qualified written request ("QWR"). 12 U.S.C. § 2605(e). A QWR is a written request "for information relating to the servicing of [a] loan" and must include a statement of why the borrower believes, to the extent applicable, that the account is in error or provide sufficient detail regarding other information the borrower seeks. § 2605(e)(1).

Here, it is clear that Chase was the loan servicer, and Freddie Mac owned the mortgage.[10] Accordingly, Freddie Mac is not a servicer of the loan to which REPSA would apply. As to Chase, Hunter alleges no facts that would demonstrate he sent Chase any correspondence within RESPA's definition for a QWR. Hunter provides no facts of what correspondence he sent to Chase, what information he requested, or any other details to sustain a RESPA claim. Further, Hunter fails to identify any specific servicing error he raised with Chase. Nothing in the record demonstrates Chase had a history of non-compliance or what, if any, damages Hunter incurred. *Obazee v. The Bank of New York Mellon*, 3:15-CV-1082-D, 2015 WL 4602971, at

---

[8] *Plaintiff's Amended Complaint*, Document No. 3 at 2–4.

[9] *Plaintiff's Amended Complaint*, Document No. 3 at 2–4.

[10] *Letter from Chase*, Document No. 4–2 at 1.

11

*4 (N.D. Tex. July 31, 2015) (Fitzwater, J.) (dismissing under Rule 12(b)(6) a RESPA claim because the plaintiff failed to allege facts showing he sustained actual damages or the servicer engaged in a pattern or practice of noncompliance). Accordingly, Hunter fails to adequately state a claim related to alleged RESPA violations. Therefore, the Defendants' motion to dismiss as it relates to Hunter's RESPA claim should be granted. The Court now turns to Hunter's TILA claims.

4.  *TILA Claims*

The Defendants contend that Hunter fails to state a claim for which relief may be sought regarding a TILA violation. Further, the Defendants contend Hunter's TILA claim is time-barred.

TILA protects consumers from inaccurate and unfair credit practices and "assures a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit." *James v. City Home Serv., Inc.*, 712 F.2d 193, 194 (5th Cir. 1983) (quoting 15 U.S.C. § 1601(a)); *Moor v. Travelers Ins. Co.*, 784 F.2d 632, 633 (5th Cir. 1986).

Hunter alleges the defendants violated TILA by failing to disclose the loan's

terms or the defendants' authority to enforce the loan.[11] Plaintiff also generally alleges that "[d]espite repeated requests for clarification and resolution of these issues, Respondents has [sic] failed for complying . . . ." Similarly, to all of Hunter's allegations, he fails to plead any specific facts to explain how the Defendants violated TILA. Further, Under TILA, the applicable statute of limitations is one or three years. 15 U.S.C. § 1640(e). Courts have held the statute of limitation runs from the loan's origination date. *Bittinger v. Wells Fargo Bank NA*, 744 F. Supp. 2d 619, 628 (S.D. Tex. 2010) (citing 15 U.S.C. § 1640(e)) (Rosenthal, J.). Hunter's loan was originated on November 13, 2020. Hunter did not file the instant suit until February 9, 2024, over three years from the origination of the loan. Accordingly, the Court finds that Hunter's claims for TILA violations fail. The Court now turns to Hunter's claim for unreasonable debt collection.

5. *Unreasonable Debt Collection Claim*

The Defendants contend that Hunter fails to plead facts sufficient to sustain his claim for unreasonable debt collection. Hunter's response again does not directly address the Defendants' contentions.

Unreasonable debt collection is an intentional tort derived from common law. *Hidden Forest Homeowners Ass'n v. Hern*, 04-10-00551-CV, 2011 WL 6089881, at

---

[11] *Plaintiff's Amended Complaint*, Document No. 3 at 4.

\*4 (Tex. App.—San Antonio Dec. 7, 2011, no pet.); *see also EMC Mortg. Corp. v. Jones*, 252 S.W.3d 857, 868 (Tex. App.—Dallas 2008, no writ). To prevail on a claim for unreasonable collection efforts, a plaintiff must establish that a defendant's actions amount "to a course of harassment that was willful, wanton, malicious, and intended to inflict mental anguish and bodily harm." *EMC Mortg. Corp.*, 252 S.W.3d at 868; *Hidden Forest*, 2011 WL 6089881, at \*4.

Here, Hunter alleges loan service discrepancies with his mortgage. As discussed above, Hunter's contentions are, at times, vague and are not supported by facts or specific examples. Even construing Hunter's complaint and responses liberally the Court cannot find any alleged action by the Defendants that would support Hunter's claim for unfair debt collection practices. Nothing in the file suggests willful, wanton, malicious, and intended to inflict mental anguish and bodily harm conduct, which is required to prove a claim. Accordingly, the Court finds Hunter fails to state a claim for which relief may be sought as it relates to unreasonable debt collection practices.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Plaintiff's Amended Brief in Response for Defendants' Motion for Dismissal, and Court Order, Including Conditional Acceptance and

14

Notice for Challenging Authority (Document No. 13) is **DENIED**. The Court Further

**ORDERS** that Defendants' Motion to Dismiss Plaintiff's First Amended Complaint Under Rule 12(b)(6) and Brief in Support (Document No. 8) is **GRANTED**. The Court Further

**ORDERS** that Plaintiff John Robert Hunter Jr.'s claims against Defendant Federal Home Loan Mortgage Corporation (Freddie Mac) and Defendant JPMorgan Chase Bank N.A. are **DISMISSED**.

SIGNED at Houston, Texas, on this **30** day of April, 2024.

DAVID HITTNER
United States District Judge

15